LINCOLN UNDERWRITERS Co. *et al. v.* GORDON.

(Division B. Nov. 17, 1930.)

[130 So. 756. No. 28963.]

W. T. **Horton**, of Jackson, and **Lester Fant, Sr.**, and **Jr.**, of Holly Springs, for appellants.

582

Hindman **Doxey**, of Holly Springs, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Henryetta Gordon brought suit against the Lincoln Underwriters Company and the Continental Life Insurance Company upon a policy of insurance on the life of her husband, Robert Gordon, for two hundred fifty dollars, the face of the policy for death benefit.

The defendants pleaded the general issue, and also entered a special plea in which it was alleged that under the terms and conditions of the policy sued on, in part I, it was provided: "Or, disability or death resulting from sickness not hereinafter excepted . . .;" that under part VII of the policy it was provided "that indemnity under this part shall not be paid for disability due directly or indirectly, wholly or in part, to venereal diseases or to any sickness or condition not common to both sexes, . . ." and the policy holder for whose death said suit is brought, according to the facts in the report of the death made by the attending physician, states that the cause of the death was hypertrophy of prostate and stricture of urethra and post-operative sepsis, and that this trouble from which plaintiff (decedent) died was a

result from sickness that was thereinafter excepted to, which was sickness and condition not common to both sexes.

To this special plea the plaintiff replied that part II A of the policy provided, "if the death of the insured shall occur while this policy is in full force and effect, and after it has been so continued for six continuous months immediately preceding the commencement of the illness, or the date of accident from which such death shall result, the company will pay the principal sum;" and that part V of the "policy is not cancellable by the company during the term for which it is originally issued nor during any like term for which it may be renewed . . .;" and that "part VII is not applicable to the present case because under said part VII, which applies only to health insurance and not death, the following provisions are recited, to-wit: 'Provided that indemnity under this part shall not be paid for disability,' and at no place in said policy does it provide that principal shall not be paid in the case of death from any alleged causes as set up in said special plea;" and that the insured, Robert Gordon, did not die from a disease, sickness, or condition not common to both sexes, or from any disease or cause excepted in said policy.

The pertinent parts of the insurance policy sued on are as follows:

"In consideration of the policy fee of six dollars and the statements and agreements in the application for this policy, copy of which is endorsed hereon and made a part of this contract. Does hereby insure Robert Gordon (hereinafter called the insured), subject to all conditions and limitations hereinafter contained, from twelve o'clock noon, standard time, at the place where the insured resides on the day this contract is countersigned, until twelve o'clock noon, standard time, of the first day of March, 1927, and for such further periods stated in the renewal receipts as the renewal premium of one dol-

lar and ninety-five cents per month paid in advance by the insured will maintain this policy in force, against: part I. (a) The effects resulting directly and exclusively of all other causes, from bodily injuries sustained during the life of this policy, solely through external, violent and accidental means (excluding suicide, sane or insane or any attempt thereat) hereinafter called 'such injury.' (b) Or, disability or death resulting from sickness not hereinafter excepted, which is contracted and begins during the life of this policy, and after it has been maintained in continuous force for thirty days, hereinafter called 'such sickness,' as follows: The principal sum of this policy to be (two hundred and fifty dollars) payable in the event of accidental or natural death, as hereinafter provided. Monthly accident indemnity to be (thirty dollars) monthly sickness indemnity to be (thirty dollars).

"Part II. (a) If the death of the insured shall occur while this policy is in full force and effect, and after it has been so continued for six continuous months immediately preceding the commencement of the illness, or the date of accident from which such death shall result, the company will pay the principal sum. (b) If the death of the insured shall occur as a result of 'such injury' sustained after date hereof, or illness contracted and beginning within six months from date hereof, and after this policy shall have been maintained in continuous force for thirty days, the company will pay one-half the principal sum."

Part III relates to accidental insurance and part IV to monthly accident indemnity. Part V provides for the noncancelable feature of the policy. Part VI provides for double indemnity under certain conditions.

Part VII reads as follows: "Health Insurance. Part VII. Sec. (a) Or, for the period not exceeding nine consecutive months during which the insured shall be necessarily and continuously confined within the house solely by reason of such sickness and wholly disabled and

prevented from performing any and every duty pertaining to any business or occupation, the company will pay sickness indemnity at the rate specified in part I. Sec. (b) If the insured shall be continuously, totally disabled and confined within the house as defined in sec. (a) of this part for said period of nine consecutive months, and if the insured shall then and thereafter be continuously, totally confined within the house and continuously and wholly disabled by such sickness and prevented from engaging in any occupation or employment for wage or profit the company will pay one-fourth of said monthly sickness indemnity so long as the insured is continuously, totally disabled and confined within the house as defined in this section. Sec. (c) Or, for the period not exceeding two consecutive months immediately following said confinement or by reason of any non-confining illness, the company will pay one-half sickness indemnity at the rate specified in part I. Sec. (d) The limit of time for which indemnity shall be payable for disability due directly or indirectly, wholly or in part to paralysis, rheumatism, tuberculosis, appendicitis, nephritis, lumbago, hernia (rupture), cystitis, sciatica, neuritis, cancer, insanity, blindness or any chronic disease, shall be two months in any one policy year. Provided, that indemnity under this part shall not be paid for disability due directly, or indirectly wholly or in part, to venereal diseases or to any sickness or condition not common to both sexes (except as provided under part XII), nor unless the insured shall require and receive the services of a legally qualified physician or surgeon at least once in each seven days. Indemnity under this part (VII) shall not be paid for any period of time prior to the date of first personal treatment by a legally qualified physician or surgeon." Part XII referred to in this provision reads as follows: "Child Birth. If the insured is disabled by normal child birth after this policy has been continuously in force for not less than ten months immediately preceding the date of birth of the child, the

company will pay for this period of disability not exceeding one month, at the rate of one-half the monthly illness indemnity provided in part I. Indemnity under this part will not be paid for disability resulting from abortion or imperfect delivery or from premature childbirth." Part XVII, under head "Special Provisions," refers to excepted illness and liability, and reads as follows: "Sec. (a) There shall be no liability on the part of the company in the event of injury, fatal or otherwise, while engaged in military or naval service, balloon ascension or aerial operations, or resulting directly or indirectly from injuries intentionally inflicted upon the insured by any person other than himself (assaults by burglars or robbers excepted), voluntary exposure to unnecessary danger, violating the law, rioting or strikes, or injuries sustained by the insured while under the influence of any narcotic or intoxicant, or disability or loss resulting, directly or indirectly, from injury to the genital organs, if the insured be a female, or sickness of, or any condition of organs peculiar to women, under this policy. Sec. (b) Strict compliance on the part of the insured and beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder, and any failure in this respect shall forfeit to the company all right to any indemnity. This policy is issued in consideration of the statements and agreements claimed in the application therefor and the payment of premium as therein specified. A copy of the said application is hereto attached or hereon endorsed and it is hereby made a part of this contract. No provision in the charter or by-laws of the company not included herein shall void the policy or be used in evidence in any legal proceeding hereunder. Sec. (c) The occurrence of any loss for which indemnity is payable under the terms of part III shall at once terminate the insurance effected by this policy, and not more than one of the indemnities provided in that part will be paid under any circumstances.

No assignment of this policy or of any claim arising hereunder, and no waiver or change of any of its provisions, definitions or limits, shall be valid unless approved in writing by an executive officer of the company and such approval endorsed hereon. The payment of any past due premium shall not continue this insurance in force beyond the first day of the succeeding month. Sec. (d) In the event of dispute arising as to any claim under this policy, such dispute may, by mutual consent, be referred to three impartial arbitrators, one to be named by the company, one by the insured, and the other to be chosen by the two named. Any adjustments so made at that time in writing shall be final. Sec. (e) If the insured is disabled by 'such injury' or 'such sickness' for more than thirty days, he or his representative shall as a condition precedent to any liability of the company hereunder, furnish the company at its principal office in St. Louis, Missouri, every thirty days thereafter (or as near thereto as may be reasonably possible) with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability. Sec. (f) After this policy has been maintained in continuous force for not less than three consecutive months, the company will give a grace of five days for the payment of any subsequent premium, and during this period of grace the insurance hereunder shall continue in force without the payment of the premium, but subject otherwise to all the provisions, conditions and limitations of this policy. Sec. (g) The life insurance portion of this policy as specified in part II is monthly term insurance, renewable at the option of the company. This portion of the policy, in so far as it relates to death from illness, shall immediately terminate upon the insured attaining the age of sixty years.''

In the proof of death the attending physician's statement as to the cause of death reads as follows: ''12.

Cause of death: A. Hypertrophy of prostate and stricture of urethra—post operative Sepsis."

There was a peremptory instruction for the plaintiff, from which the defendants appealed. The proof shows that plaintiff was taken ill on the 29th of April, 1929, and died on the 19th day of May, 1929.

On the reading of the provisions of the policy, above set forth, it will appear that the proviso of part VII under the heading of "Health Insurance" refers to the health benefits conferred in the policy, and does not refer to the death benefit in part I. The illness of which the deceased, Robert Gordon, died was not excepted from the policy by part XVII. The monthly sickness indemnity covered by the policy was not sued for or claimed in this suit, and consequently the proviso of part VII—that indemnity under this part (referring to part VII) shall not be paid for disability due directly or indirectly, wholly or in part to venereal diseases or any sickness or condition not common to both sexes—does not apply. By the expressed language of this provision the proviso is limited to indemnity under this part and not to a death benefit.

The court below took the same view and granted a peremptory instruction which, we think, was correct under the pleadings and facts contained in this record. The judgment of the court below will therefore be affirmed.

Affirmed.